**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SHAKHBOZ SHARIFOVICH SALOMOV,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1632-R** |
| **TODD BLANCHE, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Shakhboz Sharifovich Salomov, a noncitizen[1] and Uzbekistani national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule. Doc. 6. Respondents filed a Motion to Dismiss. Doc. 10. Petitioner responded. Docs. 11, 13. The Petition and the Motion to Dismiss are at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Motion to Dismiss and dismiss the Petition.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner, a citizen of Uzbekistan, entered the United States on or about January 17, 2023, near Murrieta, California, without inspection. Pet. at 11. Petitioner alleges ICE, shortly after his entry, enrolled him in an Alternatives to Detention program. *Id*. at 11-12. ICE initiated immigration removal proceedings and filed a Notice to Appear charging Petitioner as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Pet. at 12. He later filed for asylum. *Id*.

On December 18, 2025, ICE took custody of Petitioner when he was arrested at a weigh-in station during his work as a truck driver. *Id*. A few weeks later, Petitioner filed through counsel a Petition for Writ of Habeas Corpus with this Court. *Salomov v. Blanche*, No. CIV-26-143-R, Petition, Doc. 1 (W.D. Okla. Jan. 27, 2026) ("First Habeas Proceeding").[2] On March 4, 2026, this Court concluded Petitioner's re-detention was governed by 8 U.S.C. § 1226(a) and ordered Respondents to "provide Petitioner with a prompt bond hearing." *Id*., Order, Doc. 9 (W.D. Okla. Mar. 4, 2026).

On March 11, 2026, Petitioner received a bond hearing before an Immigration Judge ("IJ"). Pet. at 13; Resp. at 2-5; Doc. 1-2 at 2-8 (IJ Order denying bond). The next day, the IJ entered an order denying bond "after considering all the evidence presented" and finding Petitioner's "release would present an unacceptable flight risk." Doc. 1-2 at 4-5 (citation

[2] In his First Habeas Proceeding, Petitioner through counsel alleged ICE issued a Notice to Appear on January 17, 2023, that charged him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. *Salomov v. Blanche*, No. CIV-26-143-R, Petition, Doc. 1 at 5-6 (W.D. Okla. Jan. 27, 2026). The alleged difference in charging under the INA does not impact the undersigned's analysis.

modified). In a three-page order, the IJ made factual findings about Petitioner's length of time in the United States, ties to the community, family ties in the country, absence of "steady employment," "limited options to lawfully remain in the United States," and "speculative likelihood" of relief from removal. *Id*. at 5-6. Respondents allege Petitioner did not appeal the IJ's decision to deny bond. Resp. at 5.

On July 23, 2026, an IJ ordered Petitioner removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Sept. 10, 2026). However, on August 21, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal is pending. *Id*. Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 5. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 10, 2026).

## II. Petitioner's Claims and Respondents' Motion to Dismiss

Petitioner asserts five counts in his Petition. In the first two counts, he alleges a violation of the Immigration and Nationality Act ("INA") and requests relief pursuant to two decisions from district courts in November 2025—*Maldonado Bautista* from the Central District of California and *Mendoza Gutierrez* from the District of Colorado. Pet. at 14-17. In the third and fourth counts, Petitioner alleges ICE's unlawful application of 8 U.S.C. § 1225(b)(2) to govern his re-detention violates the INA and ICE regulations. Pet. at 17-18. Finally, in the fifth count, he alleges a violation of due process from his continued

detention. *Id*. at 19-20. Petitioner asks the Court to order his immediate release, or in the alternative, a bond hearing where the government bears the burden of proof to justify continued detention. *Id*. at 21.

Petitioner's allegations in his five counts are outdated and do not reflect (1) this Court's prior order from March 2026 that § 1226(a) governs his re-detention and (2) his bond hearing before an IJ on March 11, 2026. *See, e.g.*, Pet. at 19 (alleging "Petitioner has also been unable to have a bond hearing before an Immigration Court"); *id*. at 20 (arguing his detention "in the absence of a bond hearing to determine if he poses a danger to the community or a flight risk" violates due process).

The undersigned, though, liberally construes the Petition also to challenge the IJ's recent determination at a bond hearing that he posed a risk of flight. Petitioner recognizes this Court's prior order in the First Habeas Proceeding for a bond hearing. *Id*. at 13. Though not couched in his five counts, Petitioner separately alleges the IJ improperly denied his request for a bond hearing "because of the unreasonable flight risk conclusion, at which the Government did not demonstrate[] by clear and convincing evidence that [he] is a flight risk." *Id*.

On July 20, 2026, Respondents filed a Motion to Dismiss the Petition and argue:

- this Court does not have jurisdiction to review the IJ's bond decision, Resp. at 5-7;
- Petitioner failed to exhaust his administrative remedies, *id*. at 7-9;
- his Petition is a second or successive petition to the First Habeas Proceeding, and he did not get approval from the Tenth Circuit before filing the Petition, *id*. at 9-11; and

- the abuse-of-the-writ doctrine favors dismissal for claims he raised or could have raised in the First Habeas Proceeding, *id*. at 11-14.

Petitioner filed two apparently identical responses to the Motion to Dismiss, in which he reiterated application of 8 U.S.C. § 1226(a) to govern his detention and raised new arguments that ICE arrested him without a warrant or underlying criminal offense. Doc. 11 at 1-3 (docketed on July 22, 2026); Doc. 13 at 1-3 (docketed on August 7, 2026).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. This Court does not have jurisdiction to review the IJ's bond decision.

This Court previously ruled in the First Habeas Proceeding that § 1226(a) governs Petitioner's detention and ordered Respondents to provide him with a prompt bond hearing. *Salomov v. Blanche*, No. CIV-26-143-R, Order, Doc. 9 (W.D. Okla. Mar. 4, 2026). On March 12, 2026, "after considering all the evidence presented," the IJ found Petitioner's "ongoing detention is justified because his release would pose a significant risk of flight that no amount of bond or combination of conditions could mitigate." Doc. 1-2 at 4, 6 (citation modified). Now Petitioner challenges what he considers to be the "unreasonable flight risk conclusion" by the IJ. Pet. at 13.

This Court, though, cannot review the discretionary determination of the IJ. The determination of bond under § 1226(a) is within the purview of the IJ, who considers whether a noncitizen is a flight risk or a danger to the community. 8 C.F.R. § 236.1(c). Further, § 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and noting "the Attorney General's exercise of discretion is not subject to judicial review"). "Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026); *see also Perez v. Holt,* No. CIV-25-1151-SLP, 2026 WL 597126, at *6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision.").

However, "§ 1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law." *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (citation modified). The Petition, though, does not adequately allege Petitioner's bond hearing was constitutionally deficient. He primarily disputes the IJ's factual determination of his flight risk. Petitioner also claims the government at the bond hearing "did not demonstrate[] by clear and convincing evidence that [he] is a flight risk." Pet. at 13. But in the First Habeas Proceeding, this Court did not order Respondents to bear the burden of proof at a bond hearing. *See Salomov*

*v. Blanche*, No. 26-143-R, Order, Doc. 9 (W.D. Okla. Mar. 4, 2026). Nor did Petitioner even request burden shifting in his First Habeas Proceeding. Accordingly, Petitioner does not establish the process afforded him at the bond hearing was constitutionally inadequate. *See Kumar*, 2026 WL 753944, at *2 (noting petitioner's arguments about the potential adequacy of the bond hearing, such as the denial of an opportunity to present evidence or the IJ's application of an improper burden of proof, were too undeveloped to warrant habeas relief). Thus, Petitioner "has not shown that the decision was somehow legally erroneous or unconstitutional, and "the Court lacks jurisdiction to reconsider the IJ's discretionary decision to deny bond."[3] *Id.* (citation modified).

**B. The abuse-of-the-writ doctrine bars Petitioner's remaining claims because they were raised or could have been raised in his First Habeas Proceeding.**

In the First Habeas Proceeding, Petitioner filed a petition through counsel, and this Court ordered Respondents to provide him with a bond hearing pursuant to § 1226(a). No. CIV-26-143-R, Order, Doc. 9 (W.D. Okla. Mar. 4, 2026). Respondents argue the abuse-of-the-writ doctrine warrants dismissal of the Petition. Resp. at 11-14. The principle called "abuse of the writ" developed in case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255. *See Calderon v. Thompson*, 523 U.S. 538, 554, 558 (1998) (noting the statutory provisions applicable to § 2254 "do not govern" § 2241 proceedings, but may "inform [judicial] consideration" of the abuse of the writ

[3] If the Court adopts the undersigned's recommendation that it lacks jurisdiction to review the IJ's decisions, the Court does not need to address Respondents' argument that Petitioner failed to exhaust his administrative remedies by failing to appeal the IJ's bond decision.

doctrine).[4] The abuse-of-the-writ doctrine authorizes a court to dismiss successive § 2241 claims raised in a prior petition as well as any new "claim that could have been presented in an earlier petition but was not," *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). *See also Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (noting "generally the abuse of the writ doctrine forbids the reconsideration of claims that were or could have been raised in a prior habeas petition") (citation modified). While "the government bears the burden of pleading abuse of the writ," once it does so, "the burden to disprove abuse then becomes petitioner's." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (citation modified). Petitioner must "show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id*. at 494-495.

Here, aside from the new challenge to the IJ's order from the bond hearing, Petitioner raises the same general claims in his Petition that he asserted in his First Habeas Proceeding. He generally argued in his first petition that his ICE detention under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing violated the INA and his rights to due process.

---

[4] Respondents acknowledge the general bar on second-or-successive habeas petitions does not apply to immigration detainees like Petitioner. Resp. at 10. Judges in this District have concluded 28 U.S.C. § 2244(a) "does not bar [an immigration habeas] petitioner's new § 2241 habeas challenge since it only applies to a petitioner who is in detention 'pursuant to a judgment of a court of the United States', and [an immigration habeas] petitioner's detention is not pursuant to such a judgment." *Lopez Galvan v. Figueroa*, No. CIV-26-943-HE, Order, Doc. 11 at 3 n.3 (W.D. Okla. June 17, 2026) (quoting *Ackerman v. Novak*, 483 F.3d 647, 650 (10th Cir. 2007)); *see also Alsheref v. Mullin*, No. CIV-26-89-G, 2026 WL 2333813, at *4 n.5 (W.D. Okla. Aug. 12, 2026) ("Finally, consideration of the Petition is not barred by 28 U.S.C. § 2244(a), and Respondents have not sought dismissal under the abuse of the writ doctrine."). However, "the abuse of the writ doctrine might apply" where the government raises it. *Lopez Galvan*, No. CIV-26-943-HE, Order, Doc. 11 at 3 n.3.

*Salomov v. Blanche*, No. CIV-26-143-R, Petition, Doc. 1 at 7-10 (W.D. Okla. Jan. 27, 2026). With the current Petition, Petitioner uses new labels for his claims but otherwise makes similar legal and factual arguments. Pet. at 14-18 (arguing he is unlawfully detained under § 1225(b)(2)(A) and entitled to release or bond under § 1226(a) based on the California decision of *Maldonado Bautista*, the Colorado decision of *Mendoza Gutierrez*, and ICE regulations); *id*. at 18-20 (alleging a violation of his due process rights through continued ICE detention without a bond hearing). These arguments, while phrased slightly differently than before, turn on the same issue: whether § 1226(a) governs Petitioner's current detention and entitles him to a bond hearing. *See Singh v. Warden*, Otero Cnty. Processing Ctr., No. CV-26-1988-KG-GBW, 2026 WL 1815471, at *2 (D.N.M. June 24, 2026) (ordering petitioner to show cause why second petition shouldn't be dismissed for abuse of the writ where although his arguments were "phrased slightly differently than before," both petitions "appear to turn on the same issue [of] whether Petitioner received adequate process in connection with his immigration detention").

In response to the Motion to Dismiss, Petitioner raises new claims that ICE unlawfully arrested him without a warrant or underlying criminal offense. *See* Doc. 11 at 2 ("Respondents cannot show a warrant for [his] arrest, because they have no reason or probable cause for [his] arrest and detention under Section 1226(a)."); Doc. 13 at 2 (same). Even if the undersigned read the Petition adequately to allege such claims, those "claims could have been raised in an earlier [petition] but were not." *Stanko*, 617 F.3d at 1270. Further, Petitioner has not "establish[ed] that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Id*. at 1271 (citing *McCleskey*, 499 U.S. at

489). Petitioner offers no explanation for why he did not or could not raise such warrantless arrest claims in the First Habeas Proceeding, considering those facts existed when he filed the petition with his First Habeas Proceeding. *See Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) ("Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a claim will not excuse a delay. Instead, a petitioner must show that his efforts to raise the claim at earlier stages were 'impeded' by 'some objective factor external to the defense,' for example, where 'the factual or legal basis for a claim was not reasonably available to counsel' during earlier proceedings.") (quoting *McClesky*, 499 U.S. at 493-94).

Accordingly, the Court should grant the Motion to Dismiss the Petition for abuse of the writ as it relates to all claims other than Petitioner's challenge to the IJ's bond order—because he raised or could have raised all other claims in the First Habeas Proceeding. *See Kumar v. Mullin*, No. CIV-26-1158-R, 2026 WL 2533143, at *3 (W.D. Okla. Aug. 27, 2026) (R&R) (recommending application of abuse of the writ for a successive § 2241 petition alleging claims that were previously raised or could have bene raised in an earlier habeas proceeding).

## V. <u>**Petitioner's Motion for Ruling on the Petition**</u>

On August 7, 2026, Petitioner filed a Motion for Ruling on the Petition. Doc. 12. Adoption of the undersigned's Report and Recommendation would moot Petitioner's motion.

## VI. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT** Respondents' Motion to Dismiss the Petition for habeas relief, Doc. 10. Adoption of this recommendation would **MOOT** Petitioner's Motion for Ruling on the Petition, Doc. 12. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 24, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **October 1, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 10th day of September, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE