**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SHAKHBOZ SHARIFOVICH SALOMOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-26-1632-R** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Chris M. Stephens [Doc. No. 14] recommending that Respondents' Motion to Dismiss be granted and the Petition dismissed. Petitioner filed a timely Objection, which requires de novo review of those portions of the Report to which a specific objection is made.

Petitioner raises three specific objections. First, he contends the Report incorrectly concluded that his Petition raises successive claims that are barred by the abuse-of-the-writ doctrine. But with the exception of his claim regarding the outcome of his bond hearing, Petitioner could have asserted his present claims in his prior habeas petition and he offers no persuasive explanation as to why he failed to do so.

Second, Petitioner argues that he is entitled to immediate release because he was arrested and detained without a warrant. Putting aside the fact that Petitioner could have raised this argument in his first habeas petition, this Court has previously concluded that a

habeas petitioner's "warrantless arrest does not merit his immediate release." *Perdigon v. Gantt*, No. CIV-26-949-R, 2026 WL 2428826, at *2 (W.D. Okla. Aug. 19, 2026).

Last, Petitioner contends that his bond hearing is not an adequate remedy because there is a predetermined outcome. As explained in the Report, the Court lacks jurisdiction to review an Immigration Judge's discretionary decision to grant or deny bond. *See* 8 U.S.C. § 1226(e). Although a district court may still exercise jurisdiction over constitutional claims or questions of law, Petitioner has not demonstrated this his bond hearing was constitutionally deficient. The record indicates that Petitioner was represented by counsel, presented documentary evidence, and the Immigration Judge issued a written order explaining his decision to deny bond. *See* Doc. No. 1-2. Under those circumstances, the Court is not persuaded that Petitioner's bond decision was the result of a predetermined outcome.

Accordingly, the Report and Recommendation [Doc. No. 14] is ADOPTED and, for the reasons stated therein, the Motion to Dismiss [Doc. No. 10] is GRANTED and the Petition is DISMISSED. Petitioner's Motion for Ruling [Doc. No. 12] is DENIED as moot.

IT IS SO ORDERED this 21st day of September, 2026.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**